UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE HEWSON,

    Plaintiff,

v.                                        Case No. 19-12518
                                          Honorable Victoria A. Roberts

SPECIALIZED LOAN SERVICING, LLC, et al.
    Defendants.

_____/

**<u>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
[ECF No. 42]</u>**

## I.    Introduction

In 2010, Diane Hewson ("Hewson") divorced her husband, Dale Saylor ("Saylor") and received title to the marital home located at 18503 Valleyview Street, Riverview, MI 48193 (the "Property"). Saylor was solely responsible to pay a Home Equity Line Agreement ("HELOC") loan on the Property. The loan was secured by a Mortgage for the benefit of Mortgage Electronic Registration Systems, Inc. ("MERS"). Long before the divorce, Saylor defaulted on the HELOC unbeknownst to Hewson. When she tried to sell the Property in 2019, she became aware of the default and the lien on the Property triggered by the HELOC default.

1

Hewson brought this action against Defendants – Specialized Loan Servicing, LLC ("SLS") and MERS – seeking: (1) a declaratory judgment, (2) to quiet title, and (3) relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e) and (f).

Defendants ask the Court to dismiss Hewson's First Amended Complaint. They say she is not entitled to a declaratory judgment and a claim to quiet title. They also say that they are not debt collectors within the meaning of the FDCPA such that Hewson can pursue a claim against them for statutory violations.

Hewson's complaint is legally deficient on all counts. The Court **GRANTS** Defendants' Motion to Dismiss in its entirety.

**II.    Background**

In April of 2005, Hewson and Saylor purchased the Property. They financed their purchase with two loans from Quicken Loans. The second of the two loans was a HELOC. Saylor was the sole borrower on the HELOC, the loan at issue here.

At the same time, Hewson and Saylor executed a Future Advance Mortgage ("Mortgage") with Quicken Loans to secure the HELOC loan. Under the Mortgage, Hewson and Saylor mortgaged the Property to MERS, as nominee of Quicken Loans. Failure to pay any amount due under the

HELOC constituted a breach of the Mortgage. Hewson and Saylor both signed the Mortgage.

The couple divorced in 2010; Hewson was awarded sole ownership of the Property. In 2019, Hewson listed the Property for sale and received a bona fide offer. Prior to closing, Defendants contacted Hewson's realtor to inform her that they had a lien on the Property due to non-payment of the HELOC. Hewson then discovered that Saylor failed to make a single payment towards the HELOC. Hewson was unaware of the lien because Defendants did not send her notification of the default. She alleges that the Defendants' conduct was part of a larger scheme to accumulate interest on the loan.

### III.  Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

In ruling on a motion to dismiss, the court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies that may be appended to a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). Here, the Court considered documents relating to the Mortgage which are referenced in the Complaint and central to Hewson's claims.

## IV. Analysis

### a. Count 1 (Declaratory Judgment) and Count II (Quiet Title)

Hewson asks the Court to enter a declaratory judgment that Defendants' rights under the Mortgage are barred, and the Mortgage is discharged. (ECF No. 38, ¶ 36). Hewson also alleges that Defendants'

4

rights in the Property are inconsistent with hers; she seeks to quiet title and extinguish any rights Defendants may have in the Property. (*Id*., ¶ 39).

Because Counts I and II require a determination of rights in the Property, the Court addresses them together.

As a threshold matter, the Sixth Circuit held in unpublished opinions that a "quiet title" claim is a remedy, not an independent cause of action. *See Jarbo v. Bank of New York Mellon*, 587 F.App'x 287, 290 (6th Cir. 2014); *Goryoka v. Quicken Loan, Inc.*, 519 F.App'x. 926, 928–29 (6th Cir. 2013). Nonetheless, this district allows plaintiffs to bring such claims under Michigan's quiet title statute, MCL § 600.2932(1): "[a]ny person ... who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action ... against any other person who claims ... [an inconsistent interest.]" *Berry v. Main Street Bank*, 977 F.Supp.2d 766, 776 (E.D. Mich. Oct. 15, 2013).

An action to quiet title is equitable in nature and is "available to a party in possession of a real property who [seeks] to clear the property's title as against the world." *Adams v. Adams,* 276 Mich.App. 704, 711, 741 N.W.2d 399, 403 (2007). The plaintiff bears the initial burden to show her superior interest in the property and to establish a prima facie case. *Berry,* 977

F.Supp.2d at 776. "Establishing a prima facie case of title requires a description of the chain of title through which ownership is claimed." *Sembly v. U.S. Bank, N.A.*, No. 11-12322, 2012 WL 32737, at *3 (E.D. Mich. Jan. 6, 2012). That is, the plaintiff must allege: "(a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." Mich. Ct. R. 3411(B)(2); *see also Trombley v. Seterus Inc.,* 614 F.App'x. 829, 835 (6th Cir. 2015). Once plaintiff establishes a prima facie case, defendants have the burden to prove a superior right or title. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698, 700 (1999).

Hewson says she is entitled to a declaratory judgment/quiet title for two reasons: (1) Defendants are equitably estopped from exercising their rights under the Mortgage because they failed to timely exercise those rights; and (2) the statute of limitations bars Defendants from any claims under the Mortgage. (ECF No. 38, ¶ 33). But these arguments both fail in Hewson's efforts to prove she has a superior right in the Property.

    a. <u>Equitable Estoppel</u>

Equitable estoppel is an affirmative defense that cannot be pled as an independent cause of action. *Conagra, Inc. v. Farmers State Bank*, 237 Mich. App. 109, 140-141, 602 N.W.2d 390, 405 (1999). "The doctrine is generally available as protection from a defense raised by a defendant or as an aid to plaintiff." *Van v. Zahorik*, 227 Mich.App. 90, 102, 575 N.W.2d 566, 572 (1997).

To establish equitable estoppel in Michigan, the Court must find: (1) a party induced another party to believe facts through representations, admissions, or *silence* intentionally or negligently; (2) the other party justifiably relied and acted on that belief; and (3) the other party is prejudiced if the first party is allowed to deny the existence of the facts. *AFSCME Int'l. Union v. Bank One*, 267 Mich. App. 281, 293, 705 N.W.2d 355, 363 (2005).

Even if Hewson satisfied all three prongs of the equitable estoppel defense, she erroneously attempts to use it as a cause of action. Her claims seeking a declaratory judgment and to quiet title are "*based on* equitable estoppel..." (ECF No. 44, PageID. 339). Instead of using equitable estoppel as a defense, Hewson attempts to use it offensively to show why she has a superior interest in the Property.

Moreover, the doctrine does not provide a remedy. *Hoye v. Westfield Ins Co*, 194 Mich.App 696, 707, 487 NW2d 838, 843 (1992). The Court cannot issue a declaratory judgment or quiet title to the Property based solely on equitable estoppel because these are remedies by definition.

Even if Hewson could plead equitable estoppel as a cause of action, she pleads no facts to support the inducement element of the doctrine.

Hewson says Defendants' silence over a fifteen-year period from the date the mortgage was executed to the date the complaint was filed led her to believe that the HELOC was paid off or otherwise refinanced. (ECF No. 44, PageID. 340). However, "[s]ilence or inaction may form the basis for an equitable estoppel only where the silent party had a duty or obligation to speak or take action." *Conagra*, 237 Mich. App at 141 (*citing West American Ins. Co. v. Meridian Mut. Ins. Co.*, 230 Mich.App. 305, 310, 583 N.W.2d 548, 550 (1998)). Neither Hewson's complaint nor briefing says that Defendants had a duty or obligation to notify her of breach of the Mortgage.

b. <u>Statute of Limitations</u>

Hewson also argues that the Michigan statute of limitations bars Defendants from exercising any rights under the Mortgage. (ECF No. 38, ¶ 33).

In support of this argument, Hewson relies on MCL § 600.5807(5), which provides "[t]he period of limitations is 10 years for an action founded on a covenant in a deed or mortgage of real estate."

In response, Defendants say that although an *action* for breach of the Mortgage may be barred by the statute of limitations, they still have a right to *foreclose* on the Property pursuant to MCL § 600.5803 – "[n]o person shall bring or maintain any action or proceeding to foreclose a mortgage on real estate unless he commences the action or proceeding within 15 years after the mortgage becomes due or within 15 years after the last payment was made on the mortgage."

The latter of the two 15-year periods governs. *Degan v. Degan's Estate*, 80 Mich.App. 573, 580, 264 N.W.2d 64, 68 (1978); *see also Hiscock v. Hiscock*, 257 Mich. 16, 24, 240 N.W. 50, 53 (1932) (holding "[t]he mortgage statute provides two periods of limitations, but in the alternative and not running concurrently, the latest in point of time to govern."). In other words, if the mortgage has a due date after the date the last payment was made, a party has a right to foreclose on the property 15 years after the date the mortgage is due.

This Mortgage becomes due 20 years after the date it was executed. (ECF No. 1, PageID. 15, ¶ (E)); it is due April 5, 2025. Defendants say MCL § 600.5803 grants them a right to foreclose on the Property within 15 years from that due date – which is April 5, 2040. The Court agrees with the Defendants.

MCL § 600.5803 grants them a right to foreclose on the Property until April 5, 2040 and the statute does not render the limitations statute (MCL § 600.5807(5)) meaningless, as Hewson argues. *Williams v. Real Time Resolutions*, No. 21-10007, 2021 WL 3089384, at * 6 (E.D. Mich., July 22, 2021) (holding the statute of limitations on actions to foreclose are governed by MCL § 600.5803, not § 600.5807(5)); *see also Wishart v. Fed. Nat. Mortg. Assoc.*, No. 16-11212, 2016 WL 3087703, at *4 (E.D. Mich., June 2, 2016) (same); *Adelson v. Ocwen Loan Servicing, LLC*, No. 19-13569, 2020 WL 7294361 (E.D. Mich. Aug. 20, 2020) (same), *report and recommendation adopted*, 2020 WL 6580628, at *6 (E.D. Mich. Nov. 10, 2020).

MCL § 600.5807(5) merely precludes a mortgagee from bringing an action against a mortgagor for breach of a mortgage after 10 years; it does not extinguish that mortgagee's interest or preclude it from foreclosing on property. Defendants' right to foreclose on the Property until 2040 prevents the removal of the lien from Hewson's title.

10

Michigan courts have upheld the validity of MERS mortgages. *Yuille v. American Home Mortg. Services, Inc.*, 483 F.App'x. 132, 135 (6th Cir. 2012); *see also Residential Funding Co. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011) (holding that as record-holder of the mortgage, MERS owned a security lien on the property until the debt was satisfied). Hewson is a borrower on the Mortgage and she unequivocally signed it on April 5, 2005 . (ECF No.1-1, PageID. 20). The Mortgage says, "I will pay to Lender on time principal and interest due under the Note." (ECF No. 1, PageID. 16, ¶ (1)).

The Note was not paid in accordance with its terms. Although Hewson did not sign the Note, she signed the Mortgage, which "granted and conveyed the Property, with power of sale, to MERS." (ECF No. 1, PageID. 15, ¶ "Borrower's Transfer to Lender of Rights in the Property").

Hewson is similar to the wife in *McLaughlin v. Chase Home Finance LLC*. The wife did not sign the underlying note, but she did sign the mortgage that secured the note. The Sixth Circuit concluded that under Michigan's foreclosure statute, MCL § 600.3204(1)(a), it is not required that all signatories to a mortgage sign the promissory note. *McLaughlin v. Chase Home Finance LLC*, 519 F.App'x. 904, 907 (6th Cir. 2013).

11

Hewson fails to plead sufficient facts establishing a superior claim to the Property. Mich. Ct. R. 3411(B)(2). Accordingly, she fails to state a claim for which relief can be granted and the Court **GRANTS** Defendants' motion to dismiss Count I (declaratory judgment) and Count II (quiet title) pursuant to 12(b)(6).

### b. Count V – Violation of FDCPA, 15 U.S.C. § 1692

Under 15 U.S.C. § 1692(e) and (f), a debt collector may not use any false, deceptive, misleading, unfair, or unconscionable means to collect or attempt to collect a debt.

Hewson alleges that Defendants' failure to notify her of the default under the Mortgage for 15 years was an unconscionable means to collect a debt while allowing interest to accrue, in violation of the FDCPA, 15 U.S.C. § 1692(e) and (f). (ECF No. 38, ¶ 27). Fatal to this claim, however, is that it can only be brought against a debt collector. Defendants correctly argue that Hewson's claim fails as a matter of law because Defendants are not debt collectors under the FDCPA and even if they were, they did not attempt to collect a debt. (ECF No. 42, PageID. 330).

The FDCPA defines a debt collector as:

"any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another ... which was not in default at the time it was obtained by such person."

15 U.S.C. § 1692a(6).

In an unpublished opinion, the Sixth Circuit held that MERS is not a debt collector. *McLaughlin*, 519 F.App'x. at 908-09. In reaching this conclusion, the Sixth Circuit noted that the FDCPA excludes from the definition of "debt collector" any "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F).

Relying on this exclusion, the Sixth Circuit found that MERS obtained the debt when the McLaughlins signed the mortgage as security for the loan. At that time, the debt was not in default and MERS necessarily could not be a debt collector. *McLaughlin*, 519 F.App'x. at 909.

The same holds true here: the HELOC debt was not owed to Defendants; Saylor owed it to Quicken Loans. The Mortgage between Hewson and Defendants merely secured the HELOC loan. When Hewson signed the Mortgage, the loan was not in default.

13

Furthermore, Hewson's complaint fails to provide facts to show that Defendants are in the business of collecting debts. Her complaint merely says Defendants are debt collectors within the meaning of the FDCPA. (ECF No. 38, ¶ 43). This is a legal conclusion. Nothing in the complaint can be construed – even in the light most favorable to Hewson – to mean the "principal purpose" of Defendants' business is to collect debts.

"[A]n enforcer of a security interest … does not meet the statutory definition of a debt collector under the FDCPA." *Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003). Defendants made no contact with Hewson for 15 years and right before she sold the home, Defendants contacted her to let her know there was a lien on the property. (ECF No. 38, ¶ 20). Defendants simply – and rightfully so – enforced their security interest in the Property. They were never "debt collectors" within the meaning of the FDCPA.

Moreover, Defendants did not collect or attempt to collect a debt. It is undisputed that Defendants never attempted to collect a debt; that is the basis of Hewson's complaint. If Defendants have not attempted to collect a debt, and Hewson knew the Defendants did not make such attempts, Defendants did not violate 15 U.S.C. 1692(e) or (f). *See Kaniewski v. National Action Financial Services*, 678 F.Supp.2d 541, 546 (E.D. Mich. Dec.

14

17, 2009) (holding that a plaintiff cannot succeed on a § 1692(e) or (f) claim if they knew the defendants were not attempting to collect on a debt).

Because Defendants are not debt collectors within the meaning of the FDCPA, and did not collect or attempt to collect a debt, Hewson fails to state a claim for which relief can be granted.

The Court **GRANTS** Defendants' Motion to Dismiss Count V (violations of 15 U.S.C. § 1692) pursuant to 12(b)(6).

## V. Conclusion

Hewson fails to establish a prima facie case for Count I (declaratory judgment), Count II (quiet Title), and Count V (FDCPA, 15 U.S.C. 1692 violations).

The Court **GRANTS** Defendants' Motion to Dismiss pursuant to 12(b)(6).

**IT IS ORDERED**

                                                  s/ Victoria A. Roberts
                                                  Judge Victoria A. Roberts
                                                  United States District Judge

Dated: July 14, 2022